46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victoria E. AGUAYO, Regional Director, Petitioner-Appellee,
v.
NEW BREED LEASING CORPORATION, Defendant-Appellant.
 No. 94-56215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1994.*
Decided Jan. 6, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. The district court did not abuse its discretion in granting an interim injunction against New Breed pursuant to section 10(j) of the National Labor Relations Act, 29 U.S.C. Sec. 160(j). New Breed was not obligated to hire Maersk's employees, but if it refused to hire them because of their union affiliation, or as a device to avoid any duty to recognize and bargain with their union, it violated sections 8(a)(3) and (1) of the NLRA, 29 U.S.C. Sec. 158(a)(3) & (1). Howard Johnson Co. v. Detroit Local Joint Exec. Bd., 417 U.S. 249, 262 n. 8 (1974); Kallmann v. NLRB, 640 F.2d 1094, 1100 (9th Cir.1981). It is undisputed that New Breed solicited applications through a blind ad in a local newspaper and conducted its interviews off-site. While this may be New Breed's ordinary operating procedure, the surreptitious nature of the application process is one factor the Board may consider in determining whether New Breed deliberately sought to avoid hiring Maersk employees because of their union affiliation. See Kallmann, 640 F.2d at 1099. This evidence, along with the testimony of former Maersk employees, is sufficient, if believed, to provide a more than ample basis for concluding that New Breed acted with anti-union animus in avoiding applications from former Maersk employees. There is thus a substantial likelihood that the unfair labor practices charge will succeed, and in these circumstances, irreparable injury is presumed. Miller v. California Pac. Med. Ctr., 19 F.3d 449, 460 (9th Cir.1994).
 
 
 3
 B. The district court did err, however, in requiring New Breed to restore the former wages and conditions of employment at the Compton site. Requiring New Breed to set initial wages at the union rate is not necessary to "protect the integrity of the collective bargaining process [or] to preserve the Board's remedial power." Miller 19 F.3d at 459-60. The district court has ordered New Breed to reinstate former Maersk employees and to bargain with their unions, and in the event the Board finds that New Breed committed an unfair labor practice by setting initial wages below the union rate, it can fashion a back pay award to remedy that harm. Kallmann, 640 F.2d at 1103.
 
 
 4
 C. The district court also exceeded its authority by requiring New Breed to reinstate all Maersk's former employees without first providing New Breed an "opportunity to show that fewer than [eleven] jobs would have been available." Id. at 1102. The Board may not be able to reinstate all employees, as it "has a duty to consider how many employees, if any, the company would have continued to employ but for the unfair labor practices," N.L.R.B. v. Fort Vancouver Plywood Co., 604 F.2d 596, 602 (9th Cir.1979), and the Board has presented no compelling argument why the district court should preserve relief that the Board itself could not award.
 
 
 5
 We therefore AFFIRM the Section 10(j) injunction and REMAND for the district court to reconsider the appropriate scope of that injunction. On remand, the district court shall provide New Breed an opportunity to establish that fewer than eleven jobs would have been available for former Maersk employees regardless of New Breed's alleged unfair labor practice and modify the injunction to permit New Breed to set initial wages and conditions of employment.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3